(134 So. 672)

**GARRISON, Probate Judge, v. SUMNERS.**

**7 Div. 823.**

Court of Appeals of Alabama.

May 5, 1931.

See, also, Garrison, Judge, v. Sumners, 223 Ala. 17, 134 So. 675.

Pruet & Glass, of Ashland, for appellant.

Hardegree & Dempsey, of Ashland, for appellee.

### BRICKEN, P. J.

This action originated in the circuit court of Clay county, upon application for a writ of mandamus, directed to the Honorable E. P. Gay, judge of the Eighteenth judicial circuit, to compel appellant, as judge of probate, to draw a warrant in favor of appellee for $65 due for work done by him on the county roads for said county. It was alleged that said amount was due and unpaid; had been properly itemized and verified, and upon presentation had been duly passed and allowed him by the commissioners court of said county, but that appellant, as probate judge, etc., had refused to issue a warrant for same on the ground that Sumners, appellee, to whom the contract was let, was related by blood or marriage, within the fourth degree to one member of said commissioners court.

This proceeding was submitted upon an agreed statement of fact (as provided in section 6095 of the Code 1923), which is as follows:

"Complainant Hubert Sumners was employed by the Commissioners Court on February 9th, to work as a road hand on the public roads of Clay County, Alabama, at $65.00 per month. That he worked on the county public roads, under said contract for one month, for $65.00, and that he made out a properly itemized, verified statement of said amount, which was audited, and allowed and ordered paid by said Commissioner's Court; that respondent is Judge of Probate of Clay County, Alabama, and president or chairman of Commissioner's Court, of said County and that as such it is his duty to issue warrants for claims allowed by said Court; that the issuance of the warrant to Complainant for the amount named allowed him by said court was refused by Respondent as such Judge of Probate, and chairman, for the reason as alleged by him that complainant's employment was and is illegal and unlawful.

"It is further agreed that the records or minutes of said Commissioner's Court show as facts that Complainant is a brother of H. C. Sumners, who is and has been for more than two years just past a county commissioner of Clay County, Alabama; that said H. C. Sumners did not employ, or vote for, Complainant to work on public roads of Clay County, Alabama; that said H. C. Sumners took no part whatever in making or furthering said contract of employment of Complainant; but Complainant was employed by the unanimous vote of the other three commissioners composing said Commissioner's Court, none of whom is related to Complainant.

"It is further agreed that said records of said Commissioner's Court shows as a fact that Complainant was awarded and elected to his position as road worker for Clay County, Alabama, by said Court, under and by virtue of a rule and regulation relating to working and maintaining the public roads of Clay County, Alabama, heretofore enacted by said Commissioner's Court and which is now in effect, which is in words and figures as follows:

"'Under authority vested in the Courts of County Commissioners by Statute, see section 1347 of Code of Alabama 1923, and opinion rendered by the Attorney General of the State the Court of County Commissioners amends the rules and regulations for repairing, maintaining and improving of public roads of Clay County, No. 8 & 9, heretofore enacted, as follows: 8. Each Commissioner is hereby ordered and instructed to perform the necessary duties in his own district in letting out, inspecting and accepting, building or repairing any county bridges or county buildings or works, so far as same applies to roads and bridges. * * * 9. The Court ordered that the road work shall be done by regular road crews for each Commissioner's district, and the crews shall be under the immediate supervision of said commissioner. The men composing these road crews shall be selected by the whole court; no commissioner alone shall have the authority to employ any one of such crew; nor shall any commissioner vote on the application of any one for a position on any crew, if the applicant is related to said commissioner by blood or marriage within the fourth degree; such applicant shall be employed, or his application rejected by a majority of the court, who are not related as above stated.

"'It is also agreed that Clay County has no local or special road tax, and that the services rendered were worth the $65.00, and that if the contract was not in violation of an Act of the Legislature of Alabama, 1923, the title of which is as follows:

"'An Act to prohibit members of the Court of County Commissioners or Boards of Revenue in the State of Alabama from awarding contracts in which the county of which such county commissioner or member of a Board of Revenue resides to any person related to them by blood or marriage within the fourth degree or to employ any such relatives to do any work for said county, and to provide punishment for the violation thereof.'

"Said claim is valid and the claim should be paid and warrant issued. See Acts of 1923, p. 630 and section 5076, Code of Alabama 1923.

"Respondent refuses to issue warrant for payment of said claim by reason of a recent opinion of the Attorney General holding that no valid contract to work for the county can be made with any person who is related to any member of the Commissioners' Court, and that the issuance of the desired warrant would subject him to liability for same.

"Complainant insists that his contract is valid, because of the fact that he was hired or contracted with, by a majority of the Commissioners' Court of Clay County, Alabama, none of such majority being related to him, the other commissioner, H. C. Sumners, who is related to Complainant, taking no part in the matter. See opinions of the Attorney General, in Biennial Report of the Attorney General, 1922–1924, page 256–257 and pages 438–440. Complainant also insists and claims that the Act of Legislature above referred to (Acts 1923; page 630) is unconstitutional and void, being violative of section 45 of the Constitution of Alabama.

"The Complainant therefore files this his complaint asking for a writ of Mandamus to be issued out of this Court by the Judge thereof commanding the Respondent as Judge of Probate, presiding over the Commissioners Court to issue to Complainant a warrant for $65.00, the amount agreed upon as the reasonable value of services rendered the county by Complainant.

"It is agreed by the parties hereto that if the rule or regulation of Clay County Commissioners' Court number nine as amended, hereinbefore set out is valid or if the rulings made by the Attorney General referred to by Complainant, (pages 256 & 438, Biennial Report 1922–1924) are correct and legal the warrant should be issued as asked, and that the petition for mandamus should be granted.

"It is agreed that if said rule number nine is invalid, or that the opinion of the Attorney General, (in manuscript) referred to by

Respondent is correct and legal no writ of mandamus should issue.

"The parties complainant and respondent make this agreed case, showing that the point at issue between them is whether the Act of Legislature hereinabove set out (Acts of Legislature 1923, page 630, Code of 1923, section 5076) is unconstitutional and void, or, if constitutional, does it make the employment of a person to work for his county or do any work in which his county is interested, unlawful, when such person is related to only one of the four county commissioners, and when such commissioner to whom he is related did not employ such person or vote to employ him; but such person was employed by the other three commissioners in open court, none of whom were related to the person employed; (All of these facts being shown by the minutes of the commissioners court).

"Each and every notice and writ necessary to file and submit this cause in this court is waived, and the cause is submitted to this court for action on Complainants motion for writ of Mandamus, by consent of both parties to this action; on the agreed state of facts hereinabove set out. All ordinary preliminary notices in this writ are specifically waived by the undersigned parties

"This case is filed in accordance with section 6095 of Code of Alabama, 1923.

"This March 12th, 1931.

"Hubert Sumners

"We, the parties to this suit, hereby agree that the facts and statements set out herein above are true and correct.

"Hubert Sumners

"E. J. Garrison
"As Judge of Probate and Chairman or President of Commissioners Court of Clay Co., Alabama."

Upon consideration in the court below the writ was awarded, an exception reserved, and from this action of the court this appeal was taken.

The question involved necessitates a construction of the controlling act of the Legislature, General Acts 1923, page 630, approved September 28, 1923, which was enacted, as will be noted, after the adoption of the 1923 Code, and was published in the Code of 1923 by order of the Legislature to the Code Commissioner. See section 5076, Code 1923.

The statute in question is not well expressed, and, upon consideration by this court, when the cause was first submitted, we were unable to reach an unanimous opinion as to the purport of the statute; whereupon, in order to facilitate a final adjudication of

the question, we made the following certification to the Supreme Court, towit:

"To Honorable John C. Anderson, Chief Justice, and Associate Justices of the Supreme Court.

"Greetings: In the case of E. J. Garrison as Probate Judge, etc., v. Hubert Sumners, on appeal from the Circuit Court of Clay County, from a judgment awarding a writ of mandamus, directed to said Garrison as Probate Judge, a determination of the cause turns upon a construction of Act of the Legislature, approved September 28, 1923, and incorporated as section 5076 of the Code of 1923 (Acts 1923, p. 630), as applied to the agreed statement of facts as is set out in this record, which we herewith transmit and make a part of this inquiry.

"The Judges of this Court cannot reach an unanimous conclusion as to the construction of the above statute as the same applies to the agreed statement of facts and acting under authority of section 7311 of the Code of 1923, the inquiry is propounded: Does the statute above referred to apply to the Court of County Commissioners or Boards of Revenue or to the individuals composing said boards?

"All of which is respectfully submitted and certified.

"C. R. Bricken<br>
"Presiding Judge.<br>
"Wm. H. Samford<br>
"James Rice<br>
"Associates."

In response to the foregoing the Supreme Court rendered, and transmitted to this court an advisory opinion, which without elaboration or further discussion is reproduced herein, it being conclusive of the question involved.

The Supreme Court, through Mr. Justice Sayre, responded as follows:

"The Court of Appeals inquires whether the Act of September 28, 1923, incorporated in the Code of 1923 as section 5076 (Acts 1923, p. 630), does 'apply to the court of county commissioners or boards of revenue or to the individuals composing said boards.'

"The statute in question belongs to the criminal law. It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. 36 Cyc. 1184. On the other hand, such statutes are not to be extended by construction. Gunter v. Leckey, 30 Ala. 591. In Huffman v. State, 29 Ala. 44, quoted in Walton v. State, 62 Ala. 199, this court said: 'While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when its words are broad enough to embrace such case.'

"Applying as well as we may the foregoing rules of construction to the act in question the court here is of opinion that the criminal penalty provided by the statute applies to the individual members of the court of county commissioners—meaning that the individuals composing the courts of county commissioners (or the boards of revenue in counties having such boards) are prohibited under criminal penalty to let contracts to persons related to them within the degree denounced by the statute or to sit as members of the court when considering or voting upon any county contract with any person so related to the individual member.

"True enough, the statute may be construed as denouncing certain acts as unlawful without reference to the criminal penalty involved. But, so construed, the provision is that it shall be unlawful for any member to award any contract, etc., to any person related to such member, or to employ any such relative, etc. If it was the legislative purpose to denounce all contracts made with any person related to any member of the commissioners' court and thus, in effect, to deny to any person related to any one member of the court, a mere administrative body, the right to make any contract with the county, that purpose has not been adequately expressed, is left to inference which inference should not be drawn in view of the clearly expressed purpose to denounce contracts with persons related to the member who awards them."

From the foregoing opinion, and as a result thereof, the action of the court in awarding the writ is affirmed.

Affirmed.